IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Mary Hildebrandt, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   11 C 5459 |
| Omni Credit Services of Florida, Inc., a Florida corporation, and Asset Acceptance, LLC, a Delaware limited liability company, | ) ) ) ) ) ) | |
| Defendants. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Mary Hildebrandt, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

## PARTIES

3. Plaintiff, Mary Hildebrandt ("Hildebrandt"), is a citizen of the State of New York, from whom Defendants attempted to collect a delinquent consumer debt owed to the Home Shopping Network, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with

Disabilities program ("LASPD"), located in Chicago, Illinois, and despite the fact that she had sued Defendant Omni Credit Services of Florida in this District over its prior improper attempts to collect the same debt.

4. Defendant, Omni Credit Services of Florida, Inc. ("Omni"), is a Florida corporation that, from its offices in Wisconsin, Michigan and Florida, acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant Omni operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Omni was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Omni was authorized to conduct business in Illinois and maintained a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Omni conducts business in Illinois.

6. Defendant, Asset Acceptance, LLC ("Asset"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Asset operates a nationwide delinquent debt collection business from its offices in nine different states, including "Legal Offices" in Chicago, Illinois, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois, see, printout from Asset's web site, attached as Exhibit B. In fact, Defendant Asset was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from

Plaintiff.

7. Defendant Asset is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon, at times through other collection agencies, such as Defendant Omni.

8. Defendant Asset is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached as Exhibit C. In fact, Defendant Asset conducts business in Illinois.

9. Moreover, Defendant Asset is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit D. In fact, Defendants Asset acts as collection agencies in Illinois.

## FACTUAL ALLEGATIONS

10. Ms. Hildebrandt is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed for a Home Shopping Network account. When Defendant Omni began trying to collect this debt from Ms. Hildebrandt, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant Omni's collection actions.

11. On November 2, 2010, one of Ms. Hildebrandt's attorneys at LASPD informed Omni, in writing, that Ms. Hildebrandt was represented by counsel, and directed Omni to cease contacting her, and to cease all further collection activities because Ms. Hildebrandt was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit E.

12. Nonetheless, Defendant Omni's debt collectors continued to call Ms. Hildebrandt directly, including, but not limited to two telephone calls on November 16, 2010, from telephone number 800-670-9944, to demand payment of the Home Shopping Network debt.

13. Accordingly, on November 29, 2010, Ms. Hildebrandt's LASPD attorney had to send Defendant Omni another letter, to direct it again to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit F.

14. Because of the above improper conduct, on December 27, 2010, Ms. Hildebrandt sued Defendant Omni in a matter styled <u>Mary Hildebrandt and Jane Whaley v. Omni Credit Services of Florida</u>, No. 10-C-8202 (N.D. Ill.). That lawsuit was settled, and was dismissed on or about March 22, 2011.

15. Undeterred, Defendant Asset bought the Home Shopping debt, and Defendant Omni again began demanding payment of the debt directly from Ms. Hildebrandt, by sending her an initial collection letter, dated June 30, 2011, and by calling her on July 14, 2011, from phone number 800-670-9944. A copy of the June 30, 2011 collection letter is attached as Exhibit G.

16. On July 19, 2011, Ms. Hildebrandt's attorneys told Defendants, in writing, to stop their illegal collection actions and demanded that they cease communications and cease collections. A copy of this letter is attached as Exhibit H.

17. In complete disregard for the law, Defendants continued to call Ms. Hildebrandt from telephone number 800-670-9944, including, but not limited to, phone calls on July 26, 2011, August 6, 2011 and August 10, 2011.

4

18. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

19. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## Violation Of § 1692c(c) Of The FDCPA --
## Failure To Cease Communications And Cease Collections

20. Plaintiff adopts and realleges ¶¶ 1-19.

21. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

22. Here, the letters from Ms. Hildebrandt's agent, LASPD, as well as the prior lawsuit, told Defendants to cease communications and cease collections. By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

23. Defendants' violations of § 1692c(c) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692c(a)(2) Of The FDCPA --
## Communicating With A Consumer Represented By Counsel

24. Plaintiff adopts and realleges ¶¶ 1-19.

25. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from

communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

26. Defendants knew, or should have known, that Ms. Hildebrandt was represented by counsel in connection with her debt because her attorneys at LASPD had informed Defendants, in writing, that she was represented by counsel, and had directed Defendants to cease directly communicating with her. By contacting Ms. Hildebrandt directly, despite being advised that she was represented by counsel, Defendant Omni violated § 1692c(a)(2) of the FDCPA.

27. Defendants' violations of § 1692c(a)(2) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Mary Hildebrandt prays that this Court:

1. Find that Defendant Omni's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Hildebrandt, and against Defendant Omni, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Mary Hildebrandt, demands trial by jury.

Mary Hildebrandt,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

6

Dated: August 11, 2011

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com